**FILED**

MAR 1 3 2017

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| GARY THAUT, | CV 15–80–H–DLC–JTJ |
| Petitioner, | |
| vs. | ORDER |
| ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

United States Magistrate Judge John T. Johnston entered findings and recommendations in this matter on November 29, 2016, recommending dismissal of Petitioner Gary Thaut's ("Thaut") petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Thaut filed objections to the findings and recommendations on January 19, 2017, and so is entitled to de novo review of those findings and recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.,* 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a definite and firm conviction that a mistake has been committed." *United States v. Syrax,* 235 F.3d 422, 427 (9th Cir.

2000).

Thaut raised three claims in his amended habeas petition that were addressed in detail and on the merits in Judge Johnston's findings and recommendations.[1] Having reviewed Thaut's objections, the Court finds that he makes three specific contentions to the findings and recommendations. The Court will address each issue separately.

## I. Lack of Meaningful Appeal

Thaut objects to Judge Johnston's recommendation that his first claim is without merit and should be denied. Thaut argues that Montana's appeal and post-conviction process denied him a meaningful appeal. (Doc. 49 at 3-4.) Judge Johnston correctly concluded that Thaut's due process claim arguing deficiencies in his state law proceedings is without merit. (Doc. 42 at 10-11.)

Federal habeas relief is not available for "attacks on violations of state law or procedure and is unavailable for alleged error in the interpretation or application of state law." *Fuller v. Roe*, 182 F.3d 699, 703 (9th Cir. 1999), overruled on other grounds. To the extent that Thaut alleges errors in the state post-conviction review process, those are not addressable through habeas corpus

---

[1] Although Thaut raised three claims in his second amended petition, the State's response further separated Thaut's three claims into five claims. Judge Johnston in his findings and recommendations analyzed those five claims.

proceedings. *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989). A federal habeas petition is not the proper vehicle for addressing the adequacy of the process provided to Thaut in his state appeal or post-conviction proceedings.

Next, Thaut argues that his Sixth Amendment right to counsel was violated because his appellate counsel withdrew her representation by virtue of an *Anders* brief. (Doc. 49 at 7.) This Court disagrees. The State of Montana provides court appointed counsel for an indigent defendant on his direct appeal. Mont. Code Ann. § 47-1-104 (2016). Thaut was appointed counsel for his direct appeal. Thaut's counsel then filed an *Anders* brief with the Montana Supreme Court asserting there were no nonfriviolous claims. (Doc. 42 at 2-3.) Upon independent review of the record, the Montana Supreme Court agreed and granted counsel's *Anders* brief. State v. Thaut, Cause No. DA 12-0458, (Feb. 27, 2013). Filing an *Anders* brief is a constitutionally permissible method to withdraw court appointed appellate counsel. *Anders v. California*, 386 U.S. 738, 744 (1967).

This Court does not find that Thaut was deprived of his Sixth Amendment right to counsel simply because his counsel filed an *Anders* brief. Thaut argues that the filing of the *Anders* brief without further development of the record deprived him of counsel because he was then forced to develop the record pro se in his post-conviction proceedings. Although the filing of an *Anders* brief forced

Thaut to continue pro se, he was still provided appellate counsel at the outset of his direct appeal as required by state law. To the extent that Thaut argues the *Anders* brief was deficient because the record should have been developed further, this Court stands by the Montana Supreme Court's finding that the record contained no nonfriviolous claims.

Finally, Thaut argues that a Sixth Amendment violation occurred because he should have been appointed counsel during his post-conviction relief proceeding. (Doc. 49 at 5.) A habeas corpus petition may be entertained on behalf of a person "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Prisoners do not "have a constitutional right to counsel when mounting collateral attacks upon their convictions." *Pennslyvania v. Finley*, 481 U.S. 551, 555 (1990). Thaut does not have a constitutional right to counsel in his post-conviction relief proceeding and therefore no constitutional Sixth Amendment violation occurred. Additionally, appointment of counsel in a post-conviction proceeding is at the discretion of the state district court; therefore, this argument is not proper in a habeas petition because it is an attack on state court procedure. His contentions here are not in violation of due process and are without merit.

## II. Deferential Review of Claims 2, 3, 4, and 5

Next, Thaut objects to the Judge Johnston's deferential review based on the Antiterrorism and Effective Death Penalty Act ("AEDPA") because the state court proceedings were "unreasonable and void of factual development." (Doc. 49 at 12.) Judge Johnston found that Thaut "failed to establish that the state courts' decisions on the merit were unreasonable." (Doc. 42 at 14.) Judge Johnston properly gave deference to the state court proceedings as required under the AEDPA.

If a state court has already adjudicated a petitioner's claims on the merits, a federal court will not grant the writ unless the state court's adjudication of the claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). The "AEDPA imposes a highly deferential standard for evaluating state-court rulings and demands that they be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 767 (2010) (internal citations and quotation marks omitted).

To warrant habeas relief due to ineffective assistance of counsel, a

petitioner must demonstrate that, considering all of the circumstances, counsel's performance was deficient and that such performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Because both prongs of the *Strickland* test must be satisfied in order to establish a constitutional violation, failure to satisfy either prong requires that a petitioner's ineffective assistance of counsel claim be denied. *Strickland*, 466 U.S. at 697; *Hein v. Sullivan*, 601 F.3d 897, 918 (9th Cir. 2010).

Thaut contends that the state court proceedings were unreasonable because his appellate counsel failed to properly review and develop the record. (Doc. 49 at 13.) This Court will not address Thaut's arguments to the extent Thaut reargues procedural errors by the state court.

The duty of the state is to provide an indigent a trial "record of sufficient completeness to permit proper consideration of [his] claims." *Mayer v. City of Chicago*, 404 U.S. 189, 194 (1971) (citations omitted). A "record of sufficient completeness does not translate automatically into a complete verbatim transcript." *Id.* Although appellate counsel did notice deficiencies in the transcript, Thaut fails to establish that his counsel acted ineffectively by not correcting the record. (Doc. 33-8 at 25-6.) His appellate counsel believed the record was of sufficient completeness to determine whether Thaut's claims would

be frivolous. The Montana Supreme Court agreed after it independently reviewed the record and determined that any issue on direct appeal would be "wholly frivolous." *State v. Thaut*, Cause No. DA 12-0458, (Feb. 27, 2013). The Montana Supreme Court found that he failed to "adequately [establish] either prong of the *Strickland* test," which was a reasonable conclusion given the facts presented to it. *Thaut v. State*, 2015 MT 238N, ¶ 7 (Aug. 11, 2015). This Court finds that being unable to adequately satisfy either prong of the *Strickland* test alone does not in and of itself establish that the record was insufficient. Thus, because Thaut fails to prove an insufficient record he is unable to substantiate deficient conduct by his appellate counsel. This Court agrees with Judge Johnston that the trial court addressed the merits of these claims and the Montana Supreme Court properly adopted the lower court's decision.

## III. Denial of a Certificate of Appealability

Thaut objects to Judge Johnston's denial to issue a Certificate of Appealability in his case. The standard for issuing a COA, requires "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement

to proceed further. *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Based on the foregoing discussion, this Court agrees with Judge Johnston's denial of a certificate of appealability because Thaut has not made a substantial showing that he was deprived of a constitutional right.

Accordingly, the Court reviews Judge Johnston's findings and recommendations for clear error and, finding none,

IT IS ORDERED that Judge Johnston's Findings and Recommendations (Doc. 42) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that Thaut's petition is DENIED and DISMISSED WITH PREJUDICE. Claim 1 is DENIED for lack of merit. Claims 2-5 are DENIED because they do not survive deferential review under AEDPA.

IT IS FURTHER ORDERED that the Clerk of Court shall enter, by separate document, a judgment of DISMISSAL.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

DATED this 13th day of March, 2017.

Dana L. Christensen, Chief Judge
United States District Court